FILED
CLERK

12:00 pm, Mar 20, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
REGINA M. FEUER,

               Plaintiff,         **MEMORANDUM OF DECISION & ORDER**

      -against-         2:16-cv-5732 (ADS) (ST)

ANDREW M. SAUL, Commissioner of Social
Security,

               Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Law Office of Christopher James Bowes**
*Attorneys for the Plaintiff*
54 Cobblestone Drive
Shoreham, NY 11786
       By:    Christopher James Bowes, Esq., Of Counsel.

**United States Attorneys Office, Eastern District of New York**
*Attorneys for the Defendant*
610 Federal Plaza
Central Islip, NY 11722
       By:    Mary M. Dickman, Esq., Assistant United States Attorney.

**SPATT, District Judge**:

On October 14, 2016, the Plaintiff Regina M. Feuer (the "Plaintiff" or the "Claimant") commenced this appeal pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Andrew M. Saul, the Acting Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that she was ineligible to receive Social Security disability benefits. The Plaintiff moved, and the Commissioner cross-moved, under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(c) for a judgment on the pleadings.

1

On April 9, 2019, the Court referred the parties cross-motions to then United States Magistrate Judge Gary R. Brown for a Report and Recommendation. On August 30, 2019, Judge Brown issued the Report and Recommendation ("R&R"), recommending that the Court: grant in part and deny in part the Plaintiff's Rule 12(c) motion; deny the Commissioner's Rule 12(c) cross motion in its entirety; and remand the case for further proceedings.

Presently before the Court are the Plaintiff's objections to the R&R. For the reasons stated below, the Court overrules the Plaintiff's objections, adopts the R&R in its entirety, and closes the case.

I. BACKGROUND

A. Administrative Proceedings and Initial Proceedings in this Court.

The Plaintiff applied for Social Security disability benefits on May 24, 2013, alleging disability as of February 22, 2012 because of a brain aneurysm, a stroke, a shunt in her head, and ischemia. The Social Security Administration denied the Plaintiff's application on October 24, 2013, and the Plaintiff requested a hearing before an Administrative Law Judge.

The Plaintiff appeared with counsel for a hearing before ALJ Andrew S. Weiss (the "ALJ") on June 2, 2015. On July 31, 2015, the ALJ issued a decision finding that the Plaintiff was not disabled as defined in the Act, and thus, that she was not entitled to benefits. On August 16, 2016, the Appeals Counsel denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

The Plaintiff brought the present action on October 14, 2016. The Plaintiff moved under Rule 12(c) for a judgment on the pleadings on January 19, 2018. The Plaintiff argued that the ALJ erred in assigning great weight to the testimony of non-examining medical expert Dr. Steven Shilling, and, in failing to assign such weight to the opinions of her treating physicians,

Dr. Abraham Glassman and Dr. Andrew Peck. She argued that the evidence in the record supported the opinions of Dr. Glassman and Dr. Peck, who said that in an eight-hour workday, the Plaintiff was limited to standing and walking for one hour; sitting for four hours; that she would have difficulty concentrating; and, that she would need breaks during the day. The Plaintiff also argued that the medical opinions from those two physicians demonstrated that she lacked the ability to perform sedentary work, and that accordingly, reversal and payment of benefits was the appropriate remedy. In the alternative, she asked for the Court to remand the action for additional proceedings.

The Commissioner submitted a cross-motion for a judgment on the pleadings on January 19, 2018 and April 12, 2019.

**B. The R&R**

On April 9, 2019, the Court referred the cross-motions to then United States Magistrate Judge Gary R. Brown for a Report and Recommendation as to whether the cross-motions for either party should be granted, and if so, what relief should be ordered.

On August 30, 2019, Judge Brown issued the R&R, recommending that: (1) the Plaintiff's Rule 12(c) motion be granted in part and denied in part; (2) the Commissioner's Rule 12(c) cross-motion be denied; and (3) that the case be remanded for further proceedings, based primarily on the ALJ's lacking substantial evidence to support his residual functionary capacity ("RFC") analysis. ECF 35. Judge Brown provided the following reasoning for the recommendation:

> In summary, because the ALJ failed to properly evaluate the record evidence relevant to the plaintiff's residual functional capacity, remand is warranted. Accordingly, the undersigned respectfully recommends that the District Court remand this action to allow the ALJ to obtain and consider the opinion of a non-examining medical expert who has reviewed the complete medical records of

3

plaintiff. Of course, the ALJ "remains free to direct such further medical examination and analysis as may be appropriate." *Tarsia v. Astrue*, 418 F. App'x 16, 19 (2d Cr. 2011). The undersigned further recommends that the ALJ then determine plaintiff's RFC based on the proper consideration of all relevant evidence in accordance with the regulations, including the assessment of medical opinion evidence.

*Id.* at 23–24.

In addition, Judge Brown did not reach the question of whether the ALJ properly weighed the medical source opinions concerning the Plaintiff's claimed limitations. *Id.* at 24 n.9. He noted that some of the reasons the ALJ provided for assigning less than controlling weight to the Plaintiff's treating physicians "may have constituted 'good reasons' for not granting controlling weight to those opinions." *Id.* However, he recommended that one of those reasons—that one of the treating physician's opinions was inconsistent with that of Dr. Shilling—was "deficient for the reasons set forth above." Judge Brown thus recommended that, on remand, "the ALJ reassess, in light of any new evidence accepted in the record, the proper weight for each of the medical opinions." *Id.* United States Magistrate Judge Steven Tiscione is now assigned to this case.

Presently before the Court are the Plaintiff's objections to the R&R. For the reasons stated below, the Court overrules the objections and adopts the R&R in its entirety.

## II. DISCUSSION

### A. District Court Review of a Magistrate Judge's R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's

4

report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

The district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-Civ-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set for the= in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 44, 45 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, 720 F. App'x 48 (2d Cir. Jan. 2, 2018) (Summary Order); *Frankel v. City of N.Y.*, Nos. 06-CIV-5450, 07-CV-3436, 2009 WL 456645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the

Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, . . . the Court reviews the [R&R] only for clear error") (internal citations omitted).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "'There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.'" *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

## B. Application to the Facts of This Case

The Plaintiff objects to the R&R "only to the extent that it fails to address plaintiff's argument and request that this case should be remanded solely for the calculation of disability benefits." ECF 38 at 1–2. The Plaintiff argues that the administrative record is complete; that it establishes the she cannot perform substantial gainful activity; and, that accordingly, that remand would serve no purpose, other than the calculation of benefits owed to her. *Id.* at 2–7. She asks that the Court grant her Rule 12(c) motion and remand the case to the Commissioner either for a calculation of benefits, or, in the alternative, for further administrative proceedings. *Id.* at 8.

The Commissioner opposes the Plaintiff's objections. ECF 43. It argues that the Plaintiff's requested relief—remand for the calculation of benefits—is inappropriate in that the Plaintiff has not proven that she is disabled. *Id.* at 1–8. The Court agrees.

As an initial matter, the Court applies a clear error standard when reviewing Judge Brown's R&R. The Court applies this more deferential standard because the Plaintiff raises the

6

same arguments in her objections to the R&R as in her Rule 12(c) motion, that the record establishes her disability, and that the Court should either remand for a determination of benefits or for additional proceedings. *See Winder v. Berryhill*, 369 F. Supp. 3d 450, 455 (E.D.N.Y. 2019) (Spatt, *J.*) ("[T]he Plaintiff's objections simply seek to relitigate issues already considered by Judge Shields. Specifically, she presents nothing overlooked or misunderstood in the R&R, instead filling her brief with the same unsuccessful arguments raised in the initial briefing. Consequently, the Court deems it appropriate to review the R&R for clear error."); *see also DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 537 (E.D.N.Y. 2018) (Spatt, *J.*) ("The Plaintiff's objections are identical to those in his initial motion for a judgment on the pleadings."); *Ortiz*, 558 F. Supp. at 45. Applying the clear error standard, and finding none, the Court adopts the R&R in its entirety.

However, the Court also reviewed the R&R under the *de novo* standard. For the reasons that follow, the Court concurs with its reasoning. Judge Brown recommended a remand for further administrative proceedings because (1) the ALJ, in ruling on the Plaintiff's RFC, accorded great weight to the opinion of Dr. Shilling, a non-examining physician who had not reviewed substantial portions of the record; (2) the ALJ relied on that opinion to override the opinions of Dr. Glassman, the Plaintiff's neurologist, and Dr. Peck, the Plaintiff's primary physician, who both found the Plaintiff to be far more limited; (3) Dr. Shilling mischaracterized a report in the record when concluding that the Plaintiff had only mild limitations, even though the report said that the Plaintiff's limitations in various physical activities ranged from "mild" to "marked"; and (4) Dr. Shilling at one point testified to not knowing the meaning of a particular neurological term. ECF 35 at 19–24.

The above-listed determinations by Judge Brown reflect an administrative record that has produced disparate interpretations from various physicians as to the Plaintiff's RFC. Judge Brown correctly determined that one of those determinations, from Dr. Shilling, was flawed, and needed to be reassessed by the ALJ, in light of Dr. Glassman and Dr. Peck's opinions. This is a sufficient basis for remand, "[b]ecause it is unclear whether [the consulting physician] reviewed all of [the claimant's] relevant medical information, [and] his opinion is not 'supported by evidence of record.'" *See Tarsia*, 418 F. App'x at 18; *Figueroa v. Saul*, No. 18-CV-4534, 2019 WL 4740619, at *25 (S.D.N.Y. Sept. 27, 2019); *Williams v. Berryhill*, No. 17-CV-1660, 2019 WL 1271647, at *6 (E.D.N.Y. Mar. 19, 2019) ("Accordingly, on remand, it may be appropriate to conduct a further evaluation of Plaintiff's functional abilities.").

The Court also notes that the R&R's ultimate recommendation, that the matter be remanded for further proceedings, is one of the alternative forms of relief requested by the Plaintiff in both her Rule 12(c) motion and in her objections. That the Plaintiff, at least in part, seeks the same relief as recommended by Judge Brown further counsels in favor of adopting the R&R.

Neither party has objected to any other part of the R&R. As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the remaining portions of the R&R for clear error, and, finding none, now concurs in both its reasoning and result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006, 2015 WL 520346, at * 1 (E.D.N.Y. Feb. 9, 2015) (reviewing R&R without objections for clear error).

### III.     CONLCUSION

For the foregoing reasons, the Court overrules the Plaintiff's objections and adopts the R&R in its entirety. The case is remanded for further proceedings. The Clerk of the Court is respectfully directed to close the case.


It is **SO ORDERED.**

Dated: Central Islip, New York                                       /s/ Arthur D. Spatt

      March 20, 2020                                                          ARTHUR D. SPATT

                                                                                  United States District Judge